MINUTE ENTRY
ROBY, M.J.
January 14, 2015

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JESSE ROGILLIO | CIVIL ACTION |
| VERSUS | NO:    14-1801 |
| CRESCENT TOWING & SLAVAGE CO., INC., ET AL. | SECTION: "I" (4) |

JUDGE KAREN WELLS ROBY, PRESIDING

LAW CLERK:                              Brittany Nash
COURT REPORTER/RECORDER:   Rebecca Gonzalez

Appearances:   **Neil Nazareth** for Plaintiff Jesse Rogillio.
               **Daryl Daigle** for Defendant Crescent Towing & Salvage Co., Inc.

## ORDER

Before the Court is Plaintiff, Jesse Rogillio's **Motion to Quash (R. Docs. 21)** seeking to quash subpoenas for documents served on non-parties. Plaintiff argues that the non-parties include his counsel in a prior unrelated litigation and the defense counsel in that litigation. The motion is opposed. *See* R. Doc. 23. The motion was heard for oral argument on Wednesday, January 14, 2015.

### I.    Background

This action arises out of the injuries the Plaintiff sustained while working aboard the Defendant, Crescent Towing & Salvage Co., Inc.'s ("Crescent Towing") vessel the M/V NEW ORLEANS. Plaintiff alleges that on April 14, 2014 he was aboard the M/V NEW ORLEANS performing his duties as a deckhand during the final stages of a towing job when he was being

MJSTAR: 00:10

fed a line from the other vessel at an accelerated speed. Plaintiff alleges that due to the accelerated speed of the line, the line began to coil behind him and struck the rear of his legs causing him to fall to the deck, hitting his head, back, neck, elbow and forearm.

Plaintiff filed this action on August 7, 2014 alleging negligence on part of the Defendant Crescent Towing and the vessel M/V NEW ORLEANS, in rem.

In the instant motion, the Plaintiff seeks to quash the subpoenas served by the Defendant on 1) Richard Voorhies, III, the Voorhies Law Firm; 2) Richard Voorhies, III, Alvendia, Kelly & Demarest; 3) Jesse Wimberly, The Wimberly Law Firm; and 4) Richard S. Vale and/or Eric E. Pope, Blue Williams, LLP. *See* R. Doc. 21, at 1. Plaintiff claims that Richard Voorhies, III and the Voorhies Law Firm represented him as his attorneys in a prior and unrelated litigation, and that Jesse Wimberly of The Wimberly Law Firm and Richard S. Vale and/or Eric E. Pope of Blue Williams, LLP represented the defendant in that action. *Id.* Plaintiff asserts that the information requested by the Defendant is overly broad on its face because it seeks "any and all non-privileged portions" of the attorneys' files, which is likely to lead to irrelevant and/or privileged information. *Id.* at 2.

## II.     **Standard of Review**

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." *See* Fed. R. Civ. P. 26(b)(1).  The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  *Id*.  The discovery rules are accorded broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 177 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340,

351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Further, it is well established that "control of discovery is committed to the sound discretion of the trial court . . ." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009); *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1096 (6th Cir. 1994).

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C). In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2)(C)(iii).

Under Rule 45, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(c)(1). A motion for a subpoena must be quashed or modified where, inter alia, the subpoena "(i) fails to allow a reasonable time to comply . . .(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A). A court may, in lieu of the above, "order appearance or production under specified conditions if the serving party (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and (ii) ensures that the subpoenaed person will be reasonably compensated." Fed. R. Civ. P. at 45(c)(3)(C).

### III.    Analysis

Plaintiff argues that the subpoenas issued to the previous counsels in his prior lawsuit should be quashed because they are facially broad and because the information they seek is either undiscoverable, privileged and/or irrelevant in violation of Rule 26 and Rule 45(d)(3)(A)(iii). *See* R. Doc. 21, at 2. Plaintiff argues that although on its face the subpoenas request "non-privileged" information, he has no way of ensuring only non-privileged information is produced because he does not have possession or control over the documents. *See* R. Doc. 21-2, at 3. Plaintiff further argues that the overly broad subpoenas constitute an undue burden on the non-parties because they lack specificity and the non-party has no way of determining what the Defendant seeks, which amounts to a fishing expedition. *Id.* at 4.

Plaintiff contends that the information sought is in reference to his prior lawsuit, which can be discovered from less burdensome avenues. *Id.* Plaintiff asserts that the Defendant has access to the court record of the previous case, has access to its deposition of the Plaintiff regarding the lawsuit, and has access to Plaintiff's past medical records because the Plaintiff executed HIPPA authorization forms for the Defendant. *Id.* at 5.

In opposition, Defendant contends that it has a right to investigate prior medical conditions, medical treatment provided, and whether the Plaintiff is seeking to recover twice for the same injuries. *See* R. Doc. 23, at 2. Defendant argues that it has a right to seek independent information rather than rely on what the Plaintiff said during his deposition, especially since the Plaintiff was instructed by his current counsel to not answer any questions regarding the prior settlement. *Id.*

Rule 26(b)(1) provides that "parties may obtain discovery regarding any matter, not privileged that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1).

While it is true that relevance in discovery is broader than that required for admissibility at trial, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Thus, "the object of inquiry must have some evidentiary value before an order to compel disclosure of otherwise inadmissible material will issue." *Zenith Electronics Corp. v. Exzec, Inc.*, No. 93 C 5041, 1998 WL 9181, at *3 (N.D. Ill. 1998) (quoting *Piacenti v. General Motors Corp.*, 173 F.R.D. 221, 223 (N.D. Ill. 1997)). Further, the information must be "reasonably calculated to lead to the discovery of admissible evidence." *Id*.

The Court finds that the Defendant has a right to conduct discovery in any matter it finds fit, as long as it is within the confines of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure provide a toolkit for litigants to employ while conducting discovery, and the issuance of subpoenas on non-parties is one of the many tools. Thus, Defendant does not have to rely on the deposition of the Plaintiff or only seek information that is in the possession of the Plaintiff. As such, the Court finds that the Defendant is within its right to serve the subpoenas on the non-parties at issue.

Nonetheless, the requests are overly broad and do not identify exactly what the Defendant seeks from the previous lawsuit. The subpoenas requested "[a]ny and all non-privileged portions of YOUR file(s) regarding any representation of Jesse Rogillio." *See* R. Doc.21-3 (emphasis in original). Some of the information contained in the files might be completely irrelevant to this case and an unnecessary burden on the producing non-parties. For example, some documents may be simple transmittal letters; notes from the secretarial staff; cost and expense information; and research materials, which while not subject to the attorney client privilege, may be subject to

the work product doctrine. While the Defendant may have a genuine interest in parts of the non-privileged information, the request as written is not narrowly tailored to what is sought.

Hence, the Defendant must modify its request and specifically state the relevant documents sought for the subpoenas to be upheld.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiff, Jesse Rogillio's **Motion to Quash (R. Docs. 21)** is **GRANTED**, and the Defendant shall issue modified subpoenas stating in detail the documents and information sought.

New Orleans, Louisiana, this 28th day of January 2015.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**