UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JESSE ROGILLIO** | **CIVIL ACTION** |
| **VERSUS** | **NO:   14-1801** |
| **CRESENT TOWING & SALVAGE CO., INC., ET AL.** | **SECTION: "I" (4)** |

## ORDER

Before the Court is Defendant, Crescent Towing & Salvage Co., Inc.'s **Motion to Compel Independent Medical Examination of Plaintiff with Dr. Sandra Weitz without Allowing Plaintiff's Counsel to Preview Copies of Doctor's Forms (R. Doc. 32)** seeking a court order compelling the Plaintiff, Jesse Rogillio, to attend an independent medical examination ("IME") on March 10, 2015. The motion is opposed. *See* R. Doc. 33. The motion was heard by oral argument on Wednesday, February 25, 2015.

### I.     Background

This action arises out of the injuries the Plaintiff sustained while working aboard the Defendant's vessel the M/V NEW ORLEANS. Plaintiff alleges that on April 14, 2014 he was aboard the M/V NEW ORLEANS performing his duties as a deckhand during the final stages of a towing job when he was being fed a line from the other vessel at an accelerated speed. Plaintiff alleges that due to the accelerated speed of the line, the line began to coil behind him and struck the rear of his legs causing him to fall to the deck, hitting his head, back, neck, elbow and forearm.

In the instant motion, the Defendant represents that the Plaintiff will not attend an Independent Medical Examination ("IME") unless Plaintiff's counsel assists him with filling out the medical history forms prior to the IME. Thus, Defendant seeks a court order compelling the

Plaintiff to attend an IME on March 10, 2015 without prior assistance from counsel. *See* R. Doc. 32. Defendant contends that Plaintiff's physicians were able to receive Plaintiff's medical history without any involvement or participation from counsel and that its physician should be afforded the same opportunity. *See* R. Doc. 34-1, at 4.

## II.     Standard of Review

Rule 35 provides in pertinent part that a court may order a party "to submit to a physical or mental examination by a suitably licensed or certified examiner" when the mental or physical condition of that party is in controversy. Fed. R. Civ. P. 35(a)(1).  The court may issue such an order "on motion for good cause and upon notice to all parties and the person to be examined" which specifies "the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." *See* Fed. R. Civ. P. 35(2).

Thus, there is a two-part test for determining whether the motion will be granted.  First, the physical or mental state of the party must be in controversy.  Second, the moving party must show good cause as to why the motion should be granted.  *Schlagenhauf v. Holder*, 379 U.S. 104, 106 (1964).  "Good cause" requires a showing of specific facts that demonstrate the need for the information sought and lack of means for obtaining it elsewhere.  *Id.* at 118.  A "plaintiff in a negligence action who asserts mental or physical injury places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Id*. at 119.

"The decision as to whether or not to order an independent medical examination under Rule 35(a) rests in the court's sound discretion." *Glaze v. Bud's Boat Rental, Inc.*, No. 93-1334, 1993 WL 441890, at *1 (E.D. La. Oct. 21, 1993) (citing *Cola-Cola Bottling v. Torres*, 255 F.2d 149 (5th Cir. 1958)).  Furthermore, "[a]lthough Rule 35 examinations may be ordered 'only on

motion for good cause shown,' and use of the rule to compel such examinations is not unfettered, Rule 35(a) generally has been construed liberally in favor of granting discovery." *Grossie v. Fla. Marine Transporters, Inc.*, No. 04-0699, 2006 WL 2547047, at *2 (W.D. La. Aug. 31, 2006).

### III.    Analysis

Defendant contends that it should be able to conduct an IME without providing opposing counsel a preview of the forms from its doctor and pain management specialist, Dr. Susan Weitz. Defendant argues that the case is about the Plaintiff manipulating medical histories and it has a right to have the forms filled out by the Plaintiff without any coaching. *See* R. Doc. 34-1, at 2. Defendant further argues that an IME is necessary because prior to the accident on April 14, 2014, the Plaintiff underwent a long and continuous regiment of prescription narcotic/pain medication as a result of an unrelated accident that occurred in 2009. *See* R. Doc. 32-1, at 1. Defendant asserts that the Plaintiff has made a demand for maintenance and cure for the injuries sustained in the 2014 accident and that the demand includes requests for pain medication. *Id*. As such, Defendant argues that it is entitled to an IME with Dr. Weitz because she is a pain management specialist and she can help determine if the requested medication is related to Plaintiff's 2009 accident or to the 2014 accident at issue. *Id*. at 7.

In opposition, Plaintiff argues that he does not oppose the IME but solely wants his counsel to review the forms with him so he understands what he is being asked to review, complete, or sign. *See* R. Doc. 33, at 1. Plaintiff contends that the Defendant's motion should be denied for three reasons: 1) the Defendant has not satisfied the statutory requirements under Rule 35 which requires the Plaintiff to be informed of the scope, manner, and condition of the IME; 2) Plaintiff is entitled to have his lawyer review and approve any forms that he is asked to complete

3

or sign; and 3) it is necessary that the forms be explained to the Plaintiff because his reading and comprehension ability is poor and he tests in the bottom fourth percentile in reading. *Id*.

During oral argument, counsel for the Defendant represented that the IME would not include a drug test but would consist of a limited physical and his medical history. The Plaintiff's counsel expressed his concern that the Defendant has not articulated which forms the Plaintiff would be required to complete at the IME. Plaintiff's counsel also represented that his client's wife usually attends doctor appointment with him to assist with forms because of his poor reading and comprehension level.

After considering the parties arguments, the Court finds that it would be inappropriate for Plaintiff's counsel to assist him in completing the medical history forms prior to the IME. The Court notes that Rule 35 and its related case law do not specifically address the issue before the Court, which is whether Plaintiff is entitled to the medical history forms prior to the IME for the purpose of review by his counsel. Nonetheless, the case law suggests that counsel should not be permitted to assist because it undermines the scientific and objective nature of the exam by interjecting an adversarial and partisan atmosphere. *See Dunlap v. Hood*, No. 3-07-CV-2147-B, 2008 WL 4851316, at *1-2 (N.D. Tex. Nov. 7, 2008) (citing W. Wyatt & R. Bales, *The Presence of Third Parties at Rule 35 Examinations*, 71 Temple L.Rev. 103, 127 (1998)).

One of the primary purposes of Rule 35 "is to put both the plaintiff and defendant on equal footing with regard to evaluating the plaintiff's [medical] status." *Tarte v. United States*, 249 F.R.D. 856, 859 (S.D. Fla. 2008) (quoting *Favale v. Roman Catholic Diocese of Bridgeport*, 235 F.R.D. 553, 557 (D. Conn. 2006)). Allowing Plaintiff's counsel the opportunity to assist the Plaintiff with the medical history forms would undermine the objectivity of the process.

Thus, the Court finds that an IME is appropriate here because of the Plaintiff's physical conditions is at issue and the Plaintiff has a long history with using prescription narcotic drugs. However, it is not appropriate for Plaintiff's counsel to have a copy of the exact medical history forms prior to the IME. Nonetheless, the Defendants are ordered to provide the Plaintiff with a list of the forms that will be used as well as a description of what Dr. Weitz plans to do at the IME. These forms, however, are for viewing only. The same forms will be given to the Plaintiff upon his arrival at the doctor's office and will be completed at that time, and if necessary, with the assistance of his wife only.

Accordingly,

**IT IS ORDERED** that Defendant's **Motion to Compel Independent Medical Examination of Plaintiff Without Allowing Plaintiff's Counsel to Preview Copies of Doctor's Forms (R. Doc. 32)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant provide to Plaintiff a list of the forms that will be used by Dr. Weitz during the IME and a description of what Dr. Weitz plans to do during the IME by **Wednesday, March 4, 2015**.

New Orleans, Louisiana, this 26th day of March 2015.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**